UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **ROBERT W. GRAVES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:22 CV 395 |
| | ) |
| **WS ATLANTIC LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION and ORDER

Plaintiff has filed a *pro se* complaint. (DE # 1.) In it, plaintiff names WS Atlantic LLC as defendant. (*Id.*) Plaintiff has also moved to proceed *in forma pauperis*. (DE # 2.)

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting

an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's motion establishes that he is unable to prepay the filing fee. (DE # 2.)

Under the second inquiry, a court reviews the sufficiency of the complaint to determine whether it states a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing plaintiff's complaint, the court accepts all well-pleaded facts as true and draws all reasonable inferences in her favor. *See Luevano*, 722 F.3d at 1027. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, plaintiff alleges that he was "harassed" by a maintenance manager when he was "cursed out" twice for placing trash in the wrong area and leaving doors

open. (DE # 1 at 4.) To the extent that plaintiff is attempting to assert a claim under federal employment law, the attempt fails. As the Seventh Circuit has explained:

> Federal law provides that an employee is to be free from racial discrimination in the workplace, which includes freedom from a racially-hostile work environment. It does not guarantee a utopian workplace, or even a pleasant one. If the workplace is unsavory for any reason other than hostility generated on the basis of race, gender, ethnicity, or religion, no federal claim is implicated. In short, personality conflicts between employees are not the business of the federal courts.

*Vore v. Indiana Bell Tel. Co.*, 32 F.3d 1161, 1162 (7th Cir. 1994). In this case, plaintiff's allegations fail to state a plausible harassment claim under federal employment law.

Plaintiff also alleges that he was asked to perform construction duties without proper equipment. (DE # 1 at 4.) To the extent that plaintiff is attempting to state a claim under the Occupational Health and Safety Act ("OSHA"), federal law provides no private right of action under OSHA. *Baudison v. Walmart, Inc.*, No. 3:19-CV-512-MAB, 2020 WL 6562116, at *4 (S.D. Ill. Nov. 9, 2020). Rather, only the Secretary of Labor may bring an action on a worker's behalf. *Sabol v. Univ. of Wisconsin-Fond Du Lac,* No. 12-C-540, 2012 WL 2287519, at *2 (E.D. Wis. June 18, 2012); *see* 29 U.S.C. § 660(c). Accordingly, plaintiff fails to state a valid claim under OSHA.

Plaintiff also alleges that he had difficulty accessing his pay stubs at work through a paperless system he agreed to use for such purposes. (DE # 1 at 2.) However, he admits he ultimately gained access. (*Id.*) Accordingly, to the extent plaintiff is attempting to state a claim under federal or state law based on this allegation, the claim would appear moot.

3

Plaintiff also complains that he was scheduled to work eight days in a row. (*Id.* at 4.) Neither federal nor state law restricts the number of days an employee may work in a row, so this allegation states no claim. The same is true for plaintiff's allegation that he was not reimbursed for food he purchased. (*Id.*) Finally, in his prayer for relief, plaintiff asks that unidentified individuals "stop taking people under the age of 21 to bars" and that they should "know how to maintain a positive attitude." (*Id.* at 3.) These allegations state no claim for relief.

The court will permit plaintiff an opportunity to cure the defects in the complaint. *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) ("when a plaintiff – especially a *pro se* plaintiff – fails to state a claim in his first complaint, he should ordinarily be given a chance to amend"). If plaintiff wishes to continue with this case, he must file an amended complaint by **June 2, 2023,** resolving the issues described herein. Plaintiff is warned that failure to file a meritorious amended complaint by this deadline **will result in dismissal of the complaint**. At this point, plaintiff's motion to proceed *in forma pauperis* (DE # 2) is **DENIED**; the court will reconsider this decision *sua sponte* should plaintiff file a meritorious amended complaint.

**SO ORDERED.**

Date: May 2, 2023

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT